

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT COURT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| **Sriram Shanmugavelandy** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. 22-cv-02975 |
| | ) | |
| vs. | ) | Honorable |
| | ) | Sharon Johnson Coleman |
| | ) | |
| **AbbVie, Inc.** | ) | |
| | ) | |
| **Defendant.** | ) | |

PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

NOW COMES Plaintiff, [REDACTED], pro se, hereby responding to Defendant's Motion for Summary Judgment and submitting this Cross-Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff respectfully requests that this Honorable Court grant summary judgment in favor of Plaintiff and against Defendant on the claims asserted in this action. In support of this motion, Plaintiff asserts the following:

1. Legal Standard for Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the movant can show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. As the Supreme Court held in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the party seeking summary judgment must show that the opposing party has failed to establish the existence of an element essential to the non-moving party's case, and that the non-moving party cannot prove the existence of a genuine issue of material fact.

In Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), the Supreme Court clarified that summary judgment should be granted when the evidence, viewed in the light most favorable to the non-moving party, does not create a genuine issue of material fact. If the non-moving party fails to provide sufficient evidence to support an essential element of its case, summary judgment is appropriate.

Plaintiff asserts that Defendant has failed to meet its burden of proving that no genuine issue of material fact exists. Moreover, Defendant has failed to provide sufficient evidence to establish a legitimate, non-discriminatory, or non-retaliatory reason for its actions. As such, summary judgment in favor of Plaintiff is warranted.

2. Undisputed Material Facts

Plaintiff incorporates by reference the Statement of Undisputed Material Facts filed concurrently with this Motion. These facts, viewed in the light most favorable to Plaintiff, demonstrate that there is no genuine dispute regarding the following material issues:

- Defendant's Differential Treatment of Plaintiff: Defendant applied stricter scrutiny to Plaintiff compared to similarly situated non-[REDACTED] employees. Despite similar or lesser infractions, Plaintiff received more severe disciplinary actions, suggesting that Defendant's actions were motivated by discriminatory intent.

- Manipulation of Performance Reviews: Plaintiff's performance reviews were manipulated and unjustifiably lowered, deviating from standard company practices. For example, despite significant contributions to research and meeting expectations, Plaintiff received performance reviews that did not align with the objective criteria of the role. These manipulated reviews were used as a pretext to justify adverse actions, including denial of promotions and termination.

- Biased Internal Investigation: Defendant's internal investigation process was biased, favoring non-[REDACTED] employees while dismissing Plaintiff's legitimate concerns. The failure to investigate Plaintiff's complaints adequately, and the subsequent escalation of disciplinary actions following complaints, supports the claim of retaliation.

3. Legal Argument

A. Statute of Limitations and the Continuing Violation Doctrine

Plaintiff's claims of promotion discrimination, retaliation, and harassment are timely under the continuing violation doctrine. In Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the Supreme Court held that claims based on ongoing, repeated discriminatory conduct are not barred by the statute of limitations if the conduct constitutes a continuing violation. Plaintiff's claims extend from [REDACTED] through [REDACTED], with each act of discrimination and retaliation occurring within the statutory period, including repeated failures to promote Plaintiff, unwarranted disciplinary actions, and retaliatory conduct by Defendant.

Plaintiff filed an EEOC charge on [REDACTED], encompassing all of these claims, and the continuing violation doctrine applies to extend the statute of limitations period. In Green v. Brennan, 578 U.S. 547 (2016), the Court reiterated that each act of discrimination, retaliation, or harassment resets the statute of limitations. Defendant's conduct, including multiple incidents of discrimination and retaliation from [REDACTED] through [REDACTED], constitutes a continuous pattern of unlawful behavior, and Plaintiff's claims are timely.

B. Pretext for Discrimination
Plaintiff contends that Defendant's reasons for its adverse actions are pretextual. Specifically, Defendant's explanations for denying promotions and imposing disciplinary actions on Plaintiff are not supported by objective, legitimate evidence. For example, Defendant cites performance issues and alleged violations of animal welfare policies to justify adverse actions against Plaintiff. However, these justifications are inconsistent and selectively applied. As demonstrated by the treatment of similarly situated non-[REDACTED] employees, these justifications were merely pretexts to conceal discriminatory and retaliatory motives.
In St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993), the Supreme Court held that once a plaintiff establishes a prima facie case of discrimination, the employer must articulate a legitimate, non-discriminatory reason for its actions. However, if the employer fails to meet this burden, or if the reasons provided are shown to be pretextual, summary judgment in favor of the plaintiff is warranted.
Defendant has failed to provide credible, legitimate reasons for the disparate treatment of Plaintiff, and Plaintiff has presented compelling evidence showing that similarly situated non-[REDACTED] employees were not subjected to the same scrutiny or adverse actions. This evidence, including testimony from coworkers and records showing more favorable treatment of non-[REDACTED] employees, establishes that Defendant's purported justifications are preteual.
C. Retaliation
Plaintiff asserts that Defendant's actions were in direct retaliation for Plaintiff's protected activity, including internal complaints and the filing of an EEOC charge. The Supreme Court in Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006), held that retaliation occurs when an employer takes adverse action against an employee for engaging in protected activity, such as filing complaints of discrimination. In this case, Defendant escalated disciplinary measures and

eventually terminated Plaintiff in response to Plaintiff's protected complaints about discriminatory treatment.

The timing of Defendant's actions, including placing Plaintiff on performance improvement plans (PIPs) and suspending Plaintiff from animal-related duties immediately following Plaintiff's complaints, strongly suggests that Defendant's actions were retaliatory in nature. In Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338 (2013), the Court clarified that retaliation claims require proof that retaliation was a motivating factor in the employer's adverse actions. Here, the close temporal proximity between Plaintiff's complaints and the adverse actions, coupled with Defendant's failure to take appropriate corrective action, establishes a clear causal link between Plaintiff's protected activities and Defendant's retaliatory actions.

D. Violations of Internal Policies and Discriminatory Treatment

Defendant's actions violate its own internal policies regarding discrimination, retaliation, and harassment. Defendant's failure to investigate Plaintiff's complaints thoroughly and the use of pretextual performance reviews and discipline directly contravene Defendant's stated anti-retaliation and non-discrimination policies. These internal policies were designed to protect employees like Plaintiff, yet Defendant failed to follow them, instead using the policies to further retaliate against Plaintiff for engaging in protected activity. This failure to adhere to internal policies further supports Plaintiff's claims of discrimination and retaliation.

E. Defendant's Failure to Comply with Discovery Obligations and Premature Closure of Discovery

Plaintiff asserts that Defendant's actions in failing to produce key documents and prematurely closing discovery and depositions have significantly hindered Plaintiff's ability to fully litigate this case. Defendant's failure to comply with its discovery obligations under the Federal Rules of Civil Procedure violates the principles of fair litigation and denies Plaintiff the opportunity to fully support their claims with critical evidence.

Failure to Produce Documents: Defendant has failed to produce essential documents, including performance evaluations for similarly situated employees, communications related to Plaintiff's complaints of discrimination and retaliation, and internal investigation records. Plaintiff has made multiple requests for these documents, but Defendant has not complied, significantly impairing Plaintiff's ability to present a complete case.

Premature Closing of Discovery: Defendant prematurely closed discovery and depositions, preventing Plaintiff from conducting necessary depositions, obtaining key documents from third

parties, and completing a full investigation of Defendant's internal practices. The premature closure of discovery has placed Plaintiff at a disadvantage, obstructing the ability to properly respond to Defendant's motion for summary judgment. In Parker v. Columbia Pictures Industries, Inc., 204 F.3d 326 (2nd Cir. 2000), the court found that failure to comply with discovery obligations can be considered when evaluating the merits of a summary judgment motion.

Given Defendant's failure to comply with discovery obligations and the premature closing of discovery, Plaintiff respectfully requests that the Court:

- Order Defendant to produce the outstanding documents immediately.

- Reopen discovery to allow for depositions and further document production.

- Deny Defendant's motion for summary judgment until discovery is completed, as Plaintiff has not been given the opportunity to fully develop the record necessary to support its claims.

Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Deny Defendant's Motion for Summary Judgment in its entirety:

Defendant has failed to meet its burden of proof, and Plaintiff has demonstrated that there are genuine disputes of material fact that require a trial. Therefore, Defendant's motion for summary judgment should be denied.

B. Grant Plaintiff's Cross-Motion for Summary Judgment:

Plaintiff has shown that there are no genuine issues of material fact and is entitled to judgment as a matter of law. Plaintiff requests that the Court enter summary judgment in Plaintiff's favor, ruling that Defendant engaged in unlawful discrimination, retaliation, and wrongful termination in violation of Title VII and other relevant statutes.

C. Award Plaintiff Back Pay and Future Lost Earnings:

Plaintiff seeks an award of back pay for all lost wages from the date of termination to the present. Additionally, Plaintiff seeks future lost earnings if reinstatement is not feasible or appropriate. This includes all wages, benefits, and compensation Plaintiff would have earned but for Defendant's unlawful actions.

D. Award Plaintiff Emotional Distress and Reputational Harm Damages:

Plaintiff has suffered significant emotional distress, anxiety, and reputational harm as a result of Defendant's discriminatory and retaliatory actions. Plaintiff seeks compensation for the pain, suffering, mental anguish, and emotional harm caused by Defendant's unlawful conduct.

Case: 1:22-cv-02975 Document #: 232 Filed: 02/19/25 Page 6 of 7 PageID #:1748

E. Award Punitive Damages to Deter Future Violations:

Plaintiff seeks punitive damages to punish Defendant for its intentional, willful, and malicious conduct and to deter similar violations in the future.

F. Order Defendant to Reimburse Plaintiff for All Reasonable Litigation Costs and Attorneys' Fees:

Plaintiff requests that the Court order Defendant to pay for all reasonable litigation costs and attorneys' fees incurred in this action.

G. Order Defendant to Correct Plaintiff's Personnel Records:

Plaintiff seeks an order that Defendant correct any and all personnel records, including performance reviews and disciplinary actions, to reflect the true and accurate history of Plaintiff's employment with Defendant.

H. Grant Any Other Relief the Court Deems Just and Proper:

Plaintiff respectfully requests that the Court grant any further relief it deems just and appropriate under the circumstances

**Respectfully submitted,**

Respectfully submitted,

**Sriram Shanmugavelandy**
**Plaintiff, Pro Se**

**Dated: 02/17/25**

**Plaintiff:**

**/s/ Sriram S Shanmugavelandy     Sriram Shanmugavelandy (*Pro Se*)**

**717 S. 4th Ave.**

**Libertyville, Illinois 60048, 717-307-5223, sriram.saravanan@gmail.com**

## CERTIFICATE OF SERVICE

The undersigned, Sriram Shanmugavelandy as a Prose, hereby certifies that on 02/17/24, he caused a copy of document request to be served by causing true and correct copies thereof to be served by court electronic filing system addressed to:

Meredith S. Kirshenbaum     amy.halpin@goldbergkohn.com, meredith.kirshenbaum@goldbergkohn.com

Jon Eric Klinghoffer     christina.barrera@goldbergkohn.com, barrerra-christina-7071@ecf.pacerpro.com, jon.klinghoffer@goldbergkohn.com

**Dated: 02/05/25**

**Plaintiff:**

**/s/ Sriram S Shanmugavelandy____     Sriram Shanmugavelandy (*Pro Se*)**

**717 S. 4th Ave.**

**Libertyville, Illinois 60048**

**717-307-5223**

sriram.saravanan@gmail.com

stances.