# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Sriram Shanmugavelandy,          )
                                       )

     Plaintiff.              )

                                       )     Case No. 22-cv-02975

            v.              )

                                     )     Judge Sharon Johnson Coleman

AbbVie, Inc.,                  )

                                     )

     Defendant.           )

                                     )

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff, Sriram Shanmugavelandy ("Plaintiff") filed a motion for post-judgment relief pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) [267]. For the following reasons, the Court denies Plaintiff's motion [267].

## BACKGROUND

On June 2, 2025, the Court granted Defendant's motion for summary judgment and denied Plaintiff's motion for summary judgment. Plaintiff filed this motion on June 30, 2025, alleging the Court's ruling "was based on multiple legal and factual errors, including: (1) improper exclusion of admissible, material evidence; (2) reliance on inadmissible hearsay; (3) failure to evaluate Plaintiff's cross-motion on the merits; (4) misapplication of comparator analysis and continuing violation doctrine; and (5) unjustified post-oral argument striking of Plaintiff's filings." (Dkt. 267, at 1). Plaintiff also submits "newly discovered evidence" in support of his Rule 60(b) motion and argues that Defendant failed to rebut Plaintiff's statement of material facts.

## LEGAL STANDARD

Rule 59(e) "allow[s] a party to bring to the district court's attention a manifest error of fact or law so that it may correct, or at least address, the error in the first instance." *A&C Construction & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020). A motion to reconsider

is not appropriate for relitigating arguments or arguing issues that could have been raised previously. *Id.* District courts have broad discretion in determining Rule 59(e) motions. *See Abellan v. Lavelo Property Mgmt. LLC*, 948 F.3d 820, 833 (7th Cir. 2020).

"Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances." *Talano v. Nw. Med. Fac. Found., Inc.,* 273 F.3d 757, 762 (7th Cir. 2001) (internal citations omitted). Accordingly, there are a limited set of circumstances under which a party may seek relief from a final judgment and request the reopening of their case under this rule. *Gonzalez v. Crosby,* 545 U.S. 524, 528, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005). Here, Plaintiff bases his motion on two of the six circumstances allowed under Rule 60(b): "mistake, inadvertence, surprise, or excusable neglect" pursuant to 60(b)(1); and "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" pursuant to Rule 60(b)(2).[1]

**DISCUSSION**

I. **Improper Exclusion of Admissible, Material Evidence[2]**

The majority of Plaintiff's motion is devoted to his argument that the Court failed to evaluate Plaintiff's cross-motion for summary judgment on the merits. To start, Plaintiff contends that his status as a *pro se* litigant entitles him to a more lenient standard, requiring courts to "not disregard pro se evidence due to technical defects." (Dkt. 267, at 4). Putting aside the utter lack of legal support for this argument (which there is none), Plaintiff's reliance on *Cady v. Sheahan* delineates that a district court does not abuse its discretion when it imposes a penalty for a pro se litigant's failure to comply

---

[1] While Plaintiff references Rule 60(b)(3) in his motion, he fails to pursue this provision as a basis for relief. Accordingly, the Court finds such argument is waived. *Schaefer v. Universal Scaffolding & Equipment, LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("[P]erfunctory and underdeveloped arguments are waived, as are arguments unsupported by legal authority.").

[2] This argument encompasses Plaintiff's arguments that the Court failed to evaluate Plaintiff's cross motion on its merits and that the Court was unjustified in striking Plaintiff's filings following the oral argument. Therefore, the Court will address all three arguments together.

with Local Rule 56.1. *Cady v. Sheahan,* 467 F.3d 1057, 1061 (7th Cir. 2006).[3]  The Court was well within its authority to deny Plaintiff's motion based on his failure to comply with Local Rule 56.1, especially after the Court gave Plaintiff another opportunity to file his motion for summary judgment to ensure he understood the Rule 56.1 requirements.  (Dkt. 208).

Plaintiff's argument that the Court failed to evaluate Plaintiff's cross motion for summary judgment likewise fails.  Here, the Court outlined, at length, the deficiencies in Plaintiff's motion for summary judgment.  The Court carefully considered Plaintiff's Rule 56.1 statement of facts, addressing each statement and making a determination as to whether the statement of facts was procedurally admissible.  The Court also heard oral argument on both Plaintiff and Defendant's motions for summary judgment.  Plaintiff can point to no mistake or error made by the Court to support his Rule 60 motion.  Rather, his issues appears to be with the outcome of the Court's ruling.  However, disagreement with the Court's prior ruling is not a proper basis for such motions.  *Progressive Realty Advisors, Inc. v. Great-West Life Assurance Co.,* 783 F. Supp. 1114, 1122 (N.D. Ill. 1991) (Williams, J.) (in Rule 59(e) context); *Sigsworth v. City of Aurora, Ill.,* 487 F.3d 506, 512 (7th Cir. 2007) (internal citation omitted) (in Rule 60 context).  Indeed, "this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at the litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D. Ill. 1988) (Shadur, J.)

## II.      Reliance on Inadmissible Hearsay

Plaintiff alleges that Defendant "relied on unauthenticated HR summaries and internal reports, containing hearsay and subjective interpretations" in support of its motion for summary judgment and the Court erred in credited these documents under Rule 56(c)(4).  (Dkt. 267, at 4).  However, Rule

---

[3] The Court notes this is not the first time Plaintiff has offered caselaw that directly contradicts the argument in which it is cited as support.  Like the caselaw in Plaintiff's motion for summary judgment, the Court believes that Plaintiff continues to utilize artificial intelligence in his briefs, despite being admonished by the Court, on multiple times, that the use of artificial intelligence violates the Court's standing order.

56(c)(4) outlines the requirements for an affidavit or declaration submitted in support of a motion for summary judgment, it does not address any hearsay or foundation issues advanced by Plaintiff. Fed. R. Civ. P. 56(c)(4). Even so, Plaintiff fails to develop this argument, thereby waiving the argument. *Schaefer*, 839 F.3d at 607 (7th Cir. 2016). And the only case Plaintiff cites in support of his argument is wholly inapplicable.

## III. Misapplication of Comparator Analysis and Continuing Violation Doctrine

Plaintiff argues that the Court erred in its comparator analysis and misapplied the continuing violation doctrine in its ruling. To start, Plaintiff does not allege whether this argument is asserted under Rule 59(e) or Rule 60(b). Perhaps, this is due to Plaintiff's argument being an attempt to "relitigate" these arguments that he previously raised on summary judgment. However, "neither Rule 60(b) nor Ruler 59(e) are proper vehicles for raising new arguments that could have been argued previously." *Zurich Am. Ins. Co. v. Ocwen Fin. Corp.,* No. 17 C 2873, 2019 WL 10351607, at *1 (N.D. Ill. Sept. 10, 2019) (Kocoras, J.) (internal citations omitted).

While Plaintiff makes a brief reference to "newly discovered" evidence, he does not identify a legitimate basis for why this unidentified "newly discovered" evidence was omitted to support his Rule 60(b) motion. This seems to be another attempt by Plaintiff to relitigate matters that were already decided by the Court. Plaintiff's status as a *pro se* litigant does not absolve him from the bounds of Rule 60(b) forbidding a movant from reviving issues that were not raised before the entry of judgment. *See Buchanan v. Ill. Dept. of Human Services,* 15 Fed. App'x 366, 369 (7th Cir. 2001).

The Court properly considered all evidence and arguments in ruling on the motions for summary judgment.

## IV. "Newly Discovered" Evidence

Plaintiff submits "newly discovered" evidence, labeled as "Bait [sic] items 1—29,"[4] supports his Rule 60(b) motion because Plaintiff failed to include the materials in his motion for summary judgment "due to inadvertent oversight and mistake." (Dkt. 267, at 12). Plaintiff argues these exhibits are relevant to core issues, such as "the actual timing of the termination decision (Bait 27), direct evidence of retaliatory motive (Bait 16), and comparator treatment (Bait 14, 28, 29)." (Dkt. 267, at 13).

"To satisfy Rule 60(b), [a plaintiff] is required to show that: (1) the evidence was discovered after summary judgment; (2) he was diligent in making the discovery; and (3) the evidence would have altered the result reached by the district court." *Parks v. McDonald,* 170 Fed. Appx. 964, 968 (7th Cir. 2006). Plaintiff cannot satisfy the first requirement. Here, Plaintiff admits that "Bait items 1—29 consist of evidence that was available during the summary judgment stage but was not submitted due to Plaintiff's pro se status, limited legal experience, and the complexity of the procedural rules governing summary judgment practice." (Dkt. 280, at 2). However, "Rule 60(b) motions cannot be used to present evidence that with due diligence could have been introduced before judgment on the motion from which the party is seeking relief." *Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir. 2000). The same standard applies to *pro se* litigants. *See Patmythes v. City of Maidson,* 856 Fed. App'x 623, 625 (7th Cir. 2021).

V.      **Defendant Failed to Rebut Plaintiff's Material Facts**

Plaintiff argues that Defendant fails to rebut Plaintiff's statement of material facts. Not only is the argument undeveloped, and therefore waived, *Schaefer*, 839 F.3d at 607 (7th Cir. 2016), but Defendant responded to all of Plaintiff's statement of materials facts. (Dkt. 245).

---

[4] The Court understands the term "Bait," as used by Plaintiff, to refer to a Bates stamp. A Bates stamp is a unique identification number placed on each page of all documents ok exchanged during the discovery phase of litigation. The Court takes judicial notice that Bates stamp is the term referenced by Plaintiff in his use of the word "Bait."

**CONCLUSION**

For these reasons, the Court denies Plaintiff's motion [267].

**IT IS SO ORDERED.**

Date: 9/10/2025

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge